IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wesley Scott Childers, | Civil Action No.: 5:18-3265-BHH |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Saul, Commissioner of Social Security,[1] | |
| Defendant. | |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Wesley Scott Childers' ("Plaintiff") claim for disability insurance benefits ("DIB"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Kaymani D. West, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, to which the Commissioner filed a response. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and overrules Plaintiff's objections.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* the Social Security Act, 42 USC § 405(g) (explaining action survives "notwithstanding any change in the person occupying the office of Commissioner of Social Security").

## BACKGROUND

Plaintiff protectively filed an application for DIB on April 29, 2017, alleging a disability onset date of April 24, 2017. His application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on May 24, 2018. On June 13, 2018, the ALJ issued a decision denying Plaintiff's claim. The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on December 4, 2018.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 24, 2017, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, degenerative joint disease of the knees, right tennis elbow, osteopenia, obesity, hearing loss, and adjustment disorder with depressed mood. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one

4

of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) except that Plaintiff can never climb ladders, ropes, or scaffolds; can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; can use his right dominant upper extremity frequently to reach overhead, handle, and finger; can have frequent exposure to extreme cold and excessive noise; can have occasional exposure to workplace hazards; can perform simple, routine tasks for two hours at a time; and can have occasional interaction with the public, coworkers, and supervisors. The ALJ found that Plaintiff is unable to perform his past relevant work but that, considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he could perform. Therefore, the ALJ found that Plaintiff was not disabled from the alleged onset date through the date of the decision.

## II. The Court's Review

In this action, Plaintiff asserts that substantial evidence does not support the ALJ's credibility determination; that the ALJ erred in over-assessing Plaintiff's RFC; and that the ALJ failed to properly assess Plaintiff's mental RFC. (ECF No. 15.) The Magistrate Judge thoroughly considered Plaintiff's claims and found as follows. First, with respect to the ALJ's credibility determination, the Magistrate Judge found that substantial evidence supports the ALJ's finding that Plaintiff's gastroesophageal reflux disease ("GERD") and minimally displaced fracture of the right index fingerwere not severe impairments. The Magistrate Judge also found that the ALJ properly applied the two-step process set forth in Social Security Ruling 16-3p, and that substantial evidence supports the ALJ's findings

5

as to Plaintiff's subjective statements. Next, with respect to the ALJ's RFC assessment, the Magistrate Judge found that substantial evidence supports the ALJ's RFC assessment concerning both Plaintiff's physical and mental capabilities.

Plaintiff filed objections to the Magistrate Judge's Report, but Plaintiff's objections do not specifically respond to any portion of the Report or point to any factual or legal errors in the Magistrate Judge's analysis. Instead, Plaintiff's objections merely reiterate his arguments and raise the exact same claims he presented in his brief. In fact, it is fair to say that Plaintiff's objections are simply a regurgitation of his brief as the majority of Plaintiff's objections appear to have been copied directly from his brief. (*Cf.* ECF No. 15 at 17-18 and No. 26 at 1-2; No. 15 at 7-8 and No. 26 at 3; No. 15 at 18 and No. 26 at 4; No. 15 at 19 and No. 26 at 5; No. 15 at 6 and No. 26 at 5; No. 15 at 7, 9-10 and No. 26 at 6-7; No. 15 at 12 and No. 26 at 8; No. 15 at 20 and No. 26 at 9; No. 15 at 22, 6, 8 and No. 26 at 10; No. 15 at 9 and No. 26 at 11; No. 15 at 11 and No. 26 at 11-12; No. 15 at 23 and No. 26 at 12.)

The United States District Court for the Western District of Virginia once reviewed objections to a Magistrate Judge's Report that were copied directly from prior pleadings and determined that this practice does not constitute the submission of specific, written objections and does not entitle a plaintiff to *de novo* review. *See Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D.Va. 2008). In *Veney*, the plaintiff's objections were "an almost verbatim copy of the 'Argument' section" of the plaintiff's brief, and the court explained that it was improper for Plaintiff "to seek re-argument and reconsideration of her entire case in the guise of objecting." *Id.* at 844; *see also Hobek v. Boeing Company*, 2017 WL 3085856, *2 (D.S.C. July 20, 2017). The court explained: "'The functions of the district court are

6

effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.'" 539 F. Supp. 2d at 845 (citation omitted).

Likewise, the Fourth Circuit has held that "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). There the court explained:

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

478 F.3d at 22.

Here, the Court finds that Plaintiff's objections, which are nothing more than a repackaging of his prior pleading, lack sufficient specificity to entitle Plaintiff to *de novo* review. Stated plainly, Plaintiff is not entitled to the second bite of the apple that he seeks. In addition, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law in her thorough Report. Accordingly, the Court hereby adopts the Magistrate Judge's Report in full and specifically incorporates it in this order.

**CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 24) is adopted in full and specifically incorporated herein; Plaintiff's objections (ECF No. 26) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 17, 2020
Charleston, South Carolina